**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1033**

———————

VINCENT MOHSEN MANI,

　　　　　Plaintiff - Appellant,

　　　v.

ROBERT F. KENNEDY, JR., Secretary U.S. HHS; DEPARTMENT OF HEALTH AND HUMAN SERVICES,

　　　　　Defendants - Appellees.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lisa W. Wang, Court of International Trade Judge, sitting by designation. (8:23-cv-02317-LWW)

———————

Submitted: December 23, 2025　　　　　　　　　Decided: May 29, 2026

———————

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed and petition for review denied by unpublished per curiam opinion.

———————

Vincent Mohsen Mani, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Mani appeals the district court's order granting Defendants' motion for summary judgment and dismissing his employment discrimination action, and he petitions for review of an order of the Merit Systems Protection Board ("MSPB") affirming his termination. We have reviewed the record and find no reversible error. Mani has not demonstrated that, at the time of the adverse actions, he was providing satisfactory job performance that met his employer's legitimate expectations. *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025) (requiring plaintiff to show satisfactory performance to establish a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII)); *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (same for Title VII retaliation claim); *Anderson v. Diamondback Inv. Grp., LLC,* 117 F.4th 165, 175 (4th Cir. 2024) (same for discrimination claim under Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213);[*] *Dobkin v. Univ. of Balt. Sch. of Law*, 63 A.3d 692, 699 (Md. Ct. Spec. App. 2013) (same for Maryland state law claim discrimination claims). Nor has Mani has demonstrated that his employer created a hostile work environment, as all the instances of unwelcome conduct he alleged were legitimate employment actions. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207-08 (4th Cir. 2019). And Mani has not demonstrated that his employer failed to accommodate his disabilities. *Herkert*, 151 F.4th at 168 (providing standard for claim

---

[*] We apply the same analysis to claims brought under the ADA or the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796l. *Herkert v. Bisignano*, 151 F.4th 157, 164 (4th Cir. 2025).

under Rehabilitation Act); *Hannah v. United Parcel Serv., Inc.*, 72 F.4th 630, 635 (4th Cir. 2023) (same under ADA). Accordingly, we affirm the district court's grant of summary judgment in the employer's favor. *Mani v. Becerra*, No. 8:23-cv-02317-LWW (D. Md. Jan. 7, 2025).

Mani also petitions this court to review the MSPB's final decision affirming his employment termination. We will set aside the MSPB's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Mikhaylov v. Dep't of Homeland Sec.*, 62 F.4th 862, 868 (4th Cir. 2023). Our review of the record discloses that the MSPB's decision is based upon substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we deny the petition for review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED;*
*PETITION DENIED*

3